IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> MARK CRAIGHEAD, <br><br> *Defendant*. | Criminal No. 2:17-143 |

**OPINION**

**I.     Introduction**

Pending before the court is a motion for reconsideration (ECF No. 490) of the opinion and order of January 21, 2121, which denied compassionate release for defendant Mark Craighead ("Craighead") (ECF Nos. 488, 489). A response from the government is not necessary.

In his original motion, Craighead primarily contended that his medical conditions posed a serious risk if he contracted COVID-19. Craighead also argued, in part, that his advisory guideline would be different based upon the United States Court of Appeals' recent decision in United States v. Nasir, 982 F.3d 144, 160 (3d Cir. 2020) (en banc) (inchoate crimes are not included in the definition of "controlled substance offenses" given in U.S.S.G. § 4B1.2(b)). The government did not respond to Craighead's argument based on Nasir, but argued strenuously that the § 3553 sentencing factors did not warrant Craighead's release because he poses a danger to the community (ECF No. 487).

## II. Standard of Review

A motion for reconsideration should be granted only where the moving party establishes one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). As explained in *FirstBank Puerto Rico v. Misite*, No. CV 17-09, 2019 WL 3843056, (D.V.I. Aug. 15, 2019): "[M]otions [for reconsideration] are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Id*. at *3 (citations omitted).

## III. Discussion

In the motion for reconsideration, Craighead faults the court's prior analysis in only one respect; namely, that it did not specifically address Craighead's advisory guideline range based upon retroactive application of Nasir. Such an analysis was not necessary to the court's determination, and therefore, the court need not address that issue.

In its tentative findings, the court noted Craighead's concession that he had three predicate convictions for serious drug offenses. His sole argument was that one of the convictions occurred 20 years earlier (ECF No. 341). The court rejected that argument and determined that Craighead qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e). The presentence investigation report (ECF No. 253) determined he was in criminal history category VI pursuant to U.S.S.G. § 4B1.4 because he was classified as an armed career criminal. The advisory guideline range was 188-235 months of imprisonment. Craighead did not file a direct appeal challenging his conviction or sentence.

In denying compassionate release, the court recited the guideline calculation determined at the original sentencing (ECF No. 489).  Even assuming, arguendo, Nasir would retroactively affect Craighead's guideline range by reducing his criminal history category to II,[1] the guidelines had little to no impact on the court's decision to deny Craighead's motion for compassionate release.  As the court observed in its prior opinion, Craighead was sentenced to a term of imprisonment of 70 months at each count, to run concurrent, which is far below his original guideline range and is also below the low end of the lower guideline range now being advocated by Craighead.  The court also emphasized that pursuant to the parties' plea agreement, the government agreed to not file § 851 Informations about prior felony drug convictions as a basis for increased punishment.

The court assumed there is an actual risk that Craighead will contract COVID-19 at USP Lewisburg and assumed that Craighead established that he has serious medical conditions that place him at "*uniquely* high risk" of grave illness if he contracts COVID-19, but concluded that release was not appropriate after considering the § 3553(a) factors and guidelines policies.  (ECF No. 489 at 11-12).  Craighead's arguments in the motion for reconsideration do not undermine the court's evaluation of the sentencing factors, and in particular, do not address the court's conclusion that Craighead poses a danger to the community if released based upon his lifelong involvement in crime and his extensive drug distribution activities. The court adheres to its determination that compassionate release is not warranted.

---

[1] Craighead's total offense level is 31.  (Tentative Findings, ECF No. 341).  Assuming a criminal history category of II, the advisory guideline range would be 121-151 months in prison.

## IV.     Conclusion

For the reasons set forth above, Craighead's motion for reconsideration (ECF No. 490) will be denied.

An appropriate order will be entered.

Dated: February 4, 2021         BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge