IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
                                )
            v.                  )   Criminal No. 17-143
                                )
MARK CRAIGHEAD,                 )
                                )
            Defendant.          )

**MEMORANDUM OPINION**

## I.    Introduction

Pending before the court is a motion for early termination of supervised release filed pro se by defendant Mark Craighead ("Craighead"). (ECF No. 553).  The government filed a response in opposition to the motion (ECF No. 556). The motion is ripe for decision.

## II.    Procedural History

On April 16, 2018, Craighead pleaded guilty to counts one and two of the indictment; count 1: conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, a Schedule I controlled substance, in violation of 21 U.S.C. § 846; and count 2: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  The sentencing guideline range for a term of imprisonment in this case was 188 months to 235 months. (ECF No. 341 at 6).

On March 15, 2019, this court sentenced Craighead to a term of imprisonment of 70 months at each count to concurrently run and a term of supervised release of 5 years at each count to concurrently run. (ECF No. 348).  In the plea agreement, the government agreed not to file an information, pursuant to 21 U.S.C. § 851, stating a prior conviction as a basis for increased punishment.

Craighead moved for compassionate release while imprisoned. This court denied that motion and another motion for reconsideration. (ECF Nos. 489, 492). Craighead began his term of supervised release on June 6, 2023. It expires on June 5, 2028. He has completed approximately 55% of his mandatory 5-year term.

### III.    Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

---

1. Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52.  District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors.  Id. at 52-53.

The 2025 Sentencing Guidelines contain a new provision, §5D1.4(b), and comments with respect to early termination of supervised release:

> (b) Early Termination.--Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. 3583(e)(1).

U.S.S.G. § 5D1.4.

Comment 1(A) reflects that the "individualized assessment" under this section involves "the same factors used to determine whether to impose a term of supervised release."  Comment 1(B) outlines factors that the court "may wish to consider":

> (B) Early Termination.--When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to

problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4 (commentary).[2]

The official commentary to the 2025 amendments stated:

> *New §5D1.4 (Modification, Early Termination, and Extension of Supervised Release (Policy Statement))*
>
> The Commission sought to address with this amendment potential issues surrounding the fact that the terms and conditions of supervised release are imposed at original sentencing, often years before the defendant begins supervision. People and their circumstances may change in and after prison, such that the original term and conditions may no longer be appropriate after the defendant's release. Courts are encouraged to consider modifying the terms and conditions of supervised release whenever changed individual circumstances so warrant.

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf at 53-54.

Prior to the recent guideline change noted above, the Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Melvin, 978 F.3d at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)).  The court

---

2.  The parties did not directly address each factor.  The court has considered the factors to the extent the record enables it to do so.

of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[3] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. at 52 (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) and, to the extent the record before the court contains sufficient facts, U.S.S.G. § 5D1.4(b) (a policy statement) to determine whether early termination of Craighead's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Craighead has an extensive criminal history (see Presentence Investigation Report ("PIR"), ECF No. 253) and was part of a large drug distribution ring where he was identified as the organizer of the offense. The offense of conviction was serious because it involved more than 5 kilograms of cocaine, which has devastating effects on the community. Craighead was

---

3. The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619, at *3.

determined to be an armed career offender in the PIR, which placed him in criminal history category VI.

Pursuant to the parties' plea agreement, the government agreed to not file an § 851 Information about prior felony drug convictions as a basis for increased punishment. The advisory guideline range was 188-235 months of imprisonment. He was sentenced to a term of imprisonment of 70 months at each count, to run concurrent, followed by 5 years of supervised release.

Based upon the representations by Craighead in his motion, he has no violations, new arrests, or disciplinary issues while on supervised release. He states that he is successfully rehabilitated, a productive member of the community, steadily employed, and has purchased his own Zerorez franchise where he employs 3 employees.

Under the circumstances, despite the laudable progress Craighead has made since his release from imprisonment, completion of his term of supervised release continues, at this time, to be the appropriate sentence in this case.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

In the plea agreement, Craighead and the government agreed that 5 years of supervised release was appropriate. Continued supervision is important to provide deterrence and protect the public from future crimes by Craighead. Craighead has served about 55% of the term of supervised release imposed by the court. In light of the serious nature of Craighead's criminal conduct and his extensive criminal history, including other felony drug convictions, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a

5-year term of supervised release is still warranted to deter criminal conduct and protect the public and provide Craighead with continued assistance to overcome his drug use.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

The statutory mandatory minimum term of supervised release is 5 years and the statutory maximum is life. The applicable guideline range for a term of supervised release was 5 years. U.S.S.G. § 5D1.2(b) (1995). As noted above, the court granted a significant downward variance in Craighead's term of imprisonment and imposed a term of supervised release at the statutory mandatory minimum. This factor does not favor early termination of Craighead's supervision.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5)

No pertinent policy statements were raised by the parties with respect to this matter.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6)

The court imposed a 5-year term of supervised release in connection with a downward variance in Craighead's prison term in the original sentence. Early termination of the term of supervision – below the statutory mandatory minimum -- may create an unwarranted sentencing disparity between Craighead and other defendants with similar records who have been found guilty of similar conduct. This factor does not favor early termination of supervision.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7)

There are many victims of drug-trafficking offenses. The law, however, does not provide for restitution for Craighead's crime. This factor is neutral.

### C. Whether early termination is warranted and in the interest of justice

7

Craighead asserts that since his release from incarceration he is succeeding in the community and has remained crime free.  Craighead' probation officer has taken no position on this motion, but the government opposes it.  The court applauds Craighead for his successful transition back into society in many respects.  The court cannot overlook, however, the seriousness of his crime of conviction.  The court encourages Craighead to take advantage of the resources of the probation office to successfully maintain appropriate supervision.

Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release.  United States v. Griffin, No. CR 21-385-6, 2021 WL 5917185, at *2 (W.D. Pa. Dec. 14, 2021).  In addition, the fact of Craighead's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Craighead argues that early termination of supervision is warranted because he has served more than a minimum of 1-year of supervised release as required by statute with no violations, and he has been productively focusing on his career.  In evaluating that argument, the court also considers that it imposed a 118-month downward variance from the low end of the advisory guideline range in Craighead' original prison sentence, based on the parties' plea agreement.

Craighead's conduct and desire to better himself are commendable, but, considering the foregoing § 3553(a) and U.S.S.G. § 5D1.4analysis, especially the serious nature of his crime, and the need to deter criminal conduct, the interest of justice at this time is best served by Craighead completing his term of supervised release.

Craighead did not articulate any specific hardship posed by his current conditions of supervision, and only mentions conserving probation resources (ECF No. 553 at 2).  If revisions

of his conditions become necessary, for instance to accommodate his work, Craighead should communicate with his probation officer to resolve that issue.  Craighead did not identify any specific hardships in his current motion.  The court encourages Craighead to continue the progress he is making toward a successful reentry.

**IV.    Conclusion**

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 553), albeit without prejudice to seek relief in the future if Craighead is able to identify how the factors identified in U.S.S.G. § 5D1.4 and § 3553 favor early termination of his supervised release.

An appropriate order follows.

BY THE COURT:

Dated: March 12, 2026

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge